UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SANVERA J. WINBUSH,**
        **Petitioner,**

v.

**Case No. 2:25-cv-397**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Karen L. Litkovitz**

**ANTHONY YATES,**
        **Respondent.**

## ORDER

This matter is before the Court on a Report and Recommendation filed by the Magistrate Judge on May 19, 2025. (ECF No. 5.) The Magistrate Judge recommends that Petitioner Sanvera J. Winbush's Petition for Writ of Habeas Corpus (ECF No. 2), which the Magistrate construed as one filed under 28 U.S.C. § 2241, be dismissed without prejudice. (ECF No. 5.) Upon initial review of the Petition, it appeared to the Magistrate Judge that the Petition might be subject to dismissal without prejudice as premature, or because Petitioner had failed to exhaust her state-court remedies before filing this action. (*Id.* PageID 21.) The Magistrate Judge ordered Petitioner to show cause why the action should not be dismissed without prejudice. (ECF No. 4.) When Petitioner failed to do so, the Magistrate Judge issued the Report and Recommendation recommending this matter be dismissed without prejudice. (ECF No. 5, PageID 22.) The Magistrate Judge also recommended Petitioner's Motion for Writ of Mandamus (ECF No. 3) be denied as moot. (ECF No. 5, PageID 22.)

The parties were advised of their right to object to the Report and Recommendations and of the consequences of failing to do so (ECF No. 5, PageID 22–23), but did not do so. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 5.)

This matter is **DISMISSED without prejudice**. (ECF No. 2.) Petitioner's Motion for Writ of Mandamus is **DENIED**. (ECF No. 3.)

Under 28 U.S.C. § 2253(c)(1), an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. "A certificate of appealability may issue under paragraph [c](1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petition could meet this standard by demonstrating a reasonable jurist could debate "whether the petition should have been determined in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the petition was denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (citing *Slack*, 529 U.S. at 484). Petitioner's Petition here is denied on procedural grounds. Because a reasonable jurist could not make the finding set forth in *Slack*, the Court **DENIES** Petitioner a certificate of appealability.

The Clerk is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

<br>

| | |
|---|---|
| **8/6/2025** | s/Edmund A. Sargus, Jr. |
| **DATE** | EDMUND A. SARGUS, JR. |
| | UNITED STATES DISTRICT JUDGE |